IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSCOE PETTUS, #1169979, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2397-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

Statement of Case: Following his plea of not guilty, Petitioner was convicted of aggravated robbery in the 194th Judicial District Court of Dallas County, Texas, in Cause No. F02-25269. (Petition (Pet.) at 2). Punishment was assessed at thirty years imprisonment on February 19, 2003. (*Id.*). He did not appeal. (*Id.*).

On April 19, 2004, Petitioner filed in the convicting court a state habeas application,

pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging his conviction. (*Id.* and Memorandum at Exh. C). On November 10, 2004, the Texas Court of Criminal Appeals (TCCA) denied the application without written order on the trial court's findings without a hearing. (Pet. at 3 and Memorandum at Exh. A).

In his federal petition, filed on December 28, 2006, Petitioner alleges trial counsel rendered ineffective assistance when he failed to advise him that he needed to file a notice of appeal. (Pet. at 7).[1]

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which

---

[1] Although a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing, *see Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), Petitioner failed to include the date on which he signed and delivered his petition into the prison mail system. He merely wrote "November ___, 2006." (*See* Pet. at 9 and Memorandum in Support at 10). However, even if November 1, 2006, were deemed to be the date of delivery into the prison mail system, it would not have a material bearing on whether to apply equitable tolling.

the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not file a direct appeal. As a consequence, his conviction became final on March 21, 2003, thirty days after the judgment was entered. *See* Tex. R. App. P. 26.2(a)(1) (effective Sept. 1, 1997); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on March 22, 2003, the day after his conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired on March 21, 2004. Petitioner did not file his federal habeas petition until December 28, 2006, more than two and one-half years after the running of the one-year limitation period. Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-

year limitation period.  *Flanagan*, 154 F.3d at 202.  As noted above, Petitioner did not file his state application until April 19, 2004, 29 days after expiration of the one-year period.  *See Scott*, 227 F.3d at 263 (state habeas application did not toll limitation period for filing federal habeas petition where it was filed after federal limitation period had expired).  Therefore, the federal petition is clearly untimely absent equitable tolling.

In order to allow Petitioner an opportunity to show whether equitable tolling should apply in his case, the Court filed an order on January 4, 2007, requesting him to show cause why his petition should not be dismissed as time barred.  As of the date of this recommendation, Petitioner has not responded to the show cause order.  However, in his memorandum in support, he requests equitable tolling because of his post-conviction counsel's conduct.  (Memorandum at 8).  The Court will address that issue in turn.

Equitable tolling is available only in "rare and exceptional circumstances" when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d  390, 392 (5th Cir. 1999).  Moreover, a Petitioner must demonstrate that he pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).

Petitioner challenges the conduct of his retained post-conviction habeas counsel, Alan C. Kazday.  Specifically , he alleges that "Kazday's intentional deceit that he filed a timely habeas application [on] April 19, 2004 . . . warrants equitable tolling because Petitioner relied on Mr.

4

Kazday's representation." (Memorandum at 8).  How Petitioner's state habeas counsel allegedly deceived him is essentially incomprehensible.[2]  There is no question that his art. 11.07 application was filed on April 19, 2004.  Likewise Petitioner himself did not sign the application until April 12, 2004, more than three weeks after the one-year limitation period expired.  *See* Memorandum, Exh. C at paper 2 and 9.  As distinguished from § 2244(d)(1)(A), art. 11.07 does not have a limitation period within which to seek state habeas corpus relief.

Assuming *arguendo* that his state habeas counsel may have misinformed Petitioner of the effect of § 2244(d)(1)(A), such an error does not constitute an "extraordinary circumstance" warranting equitable tolling.  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ( "mere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling).  Moreover, the fact that Petitioner delayed filing his § 2254 petition for more than two years after his art. 11.07 application was denied, renders equitable tolling unavailable.  *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)").  "[E]quity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).  Therefore, Petitioner is not entitled to equitable tolling.

---

[2] Perhaps had Petitioner responded to this Court's show cause order, he might have clarified this claim.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the habeas corpus petition as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 26th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.